## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,   CIVIL ACTION NO.:

      Plaintiff,   HONORABLE:

vs.

PATRICK S. FORD

      Defendant,

## COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 19143 Packard St. Detroit, MI 48234.

### The Debt – Account No. 1999A13018

3. The debt owed to the United States of America is as follows:

| | | |
|---|---|---:|
| A. | Current Principal *(after application of all prior payments, credits, and offsets)* | $2,270.99 |
| B. | Current Capitalized Interest Balance and Accrued Interest | $1,258.46 |
| C. | Administrative Fee, Costs, Penalties | $ 6.44 |
| D. | Accrued Capitalized Interest since March 5, 1999 | $2,686.75 |
| | **Total Owed** | **$6,222.64** |

The Certificate of Indebtedness, attached as Exhibit "A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and interest balance shown on the Certificate of Indebtedness is correct as the date of the Certificate of Indebtedness after application of all prior payments, credits and offsets. Prejudgment interest accrues at the rate of 8% per annum.

### **Failure to Pay**

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 and that interest on the judgment be at the legal rate until paid in full;

B. For attorney's fees to the extent allowed by law;

C. Filing fee of $350.00 as premitted by 28 U.S.C. § 2412(a)(2); and,

D. For such other relief which the Court deems proper.

Respectfully submitted,

By: */s/ Craig S. Schoenherr, Sr.*
CRAIG S. SCHOENHERR, SR. (P32245)
Attorney for Plaintiff
O'Reilly Rancilio PC
12900 Hall Rd Ste 350
Sterling Heights, MI  48313
Phone: (586) 726-1000
Fax: (586) 726-1560
cschoenherr@orlaw.com

U.S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS

Patrick S. Ford
5939 Seneca
Detroit, MI 48213
SSN: ███3708

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below, plus additional interest from 02/25/99.

On or about 11/20/87, the borrower executed promissory note(s) to secure the loan(s) of $1098.00 and $1098.00 from Stillwater National Bank & Trust CO., Stillwater, OK at 8.00 percent interest per annum. This loan obligation was guaranteed by the Oklahoma Guaranteed Student Loan Program and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note(s), and credited $5.49 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 11/12/88, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2190.51 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 11/03/93, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of those payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2270.99 |
| Interest: | $1258.46 |
| Administrative Costs: | $6.44 |
| Late fees: | $0.00 |

Total debt as of 02/25/99:    $3535.89

Interest accrues on the principal shown here at the rate of $0.50 per day.

Pursuant to 28 U.S.C. S 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 3-5-99    Name: [signature]
                Date                        Loan Analyst, Litigation Branch

EXHIBIT
4

# OKLAHOMA GUARANTEED STUDENT LOAN PROGRAM
State Capitol, Oklahoma City
## Application for Guaranteed Student Loan

GEAF 402 (5-87)
**DO NOT USE THIS SPACE**

**WARNING:** ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM IS SUBJECT TO PENALTIES WHICH MAY INCLUDE FINES OR IMPRISONMENT UNDER THE UNITED STATES CRIMINAL CODE AND 20 USC 1097-4. *IMPORTANT* READ THE INSTRUCTIONS CAREFULLY. YOU SHOULD CONSIDER APPLYING FOR OTHER FINANCIAL AID BEFORE COMPLETING THIS FORM. TYPE OR PRINT IN

## SECTION I — TO BE COMPLETED BY STUDENT / RETAIN YOUR COPY

1. Social Security Number: —
2. Birthdate Mo. Day Year: —
3a. State of Legal Residence: —
3b. Resident Since Mo./Yr.: —
4a. County: BRYAN
4b. County Code: —

5. Home Area Code/Ph. No.: (313) 925-5526
6a. Drivers License No.: —
6b. State of License: MICHIGAN
7. U.S. CITIZENSHIP STATUS: —
Alien Reg. #: —

8. Where will you live while in school during loan period (Complete Address):
   a. With parents ☐  b. On campus ☒  c. Off-campus ☐
   205 CHOCTAW TOWERS
   Address Apt. No.: —
   City/State/ZIP: DURANT, OK 74701
   Telephone Number: (405) 924-9960

11. DEGREE SOUGHT: —
12. MAJOR COURSE OF STUDY: BS
13. Loan Amount Requested for Loan Period: $ —
14. Loan Period (Use figures) (not to exceed 9 mos.) From (Mo./Yr.): — To (Mo./Yr.): —
15. Prior to the school for which this loan is requested have you ever been enrolled in any school beyond the high school level?
16. Have you ever defaulted on a student loan? (If yes, attach explanation from guarantor as to arrangements made for repayment)

17. HAVE YOU ANY STUDENT LOAN DEBTS? — If yes, list all FISL, GSL, PLUS & SLS Loans. Include those obtained in another state. Attach a separate sheet if necessary.

| 18. LENDER NAME | CITY | STATE | NAME OF PROGRAM FISL, GSL, PLUS & SLS | SCHOOL Begin | PERIOD End | UNPAID BAL |
|---|---|---|---|---|---|---|
| | | | | | | |

**BEST COPY AVAILABLE AT TIME OF IMAGING**

19. REFERENCES. Do not list student acquaintances, instructors or lenders. Do not list references at the same address. (See instructions)

| | 19a. Parent or Guardian (List Below) | 19b. Other parent (not living at 19a or 19c) relative or adult | 19c. Other relative or adult (not living at 19a or 19b) |
|---|---|---|---|
| Name: | LAMBERT FORD | LINDA FUGGS | Keith FORD |
| Address: | 5939 SENECA | 623 McDOUGAll | 19110 LANSDOWNE |
| City/State/ZIP: | DETROIT, Mich. 48213 | DETROIT, Mich. -8825 | DETROIT, Mich. 48238 |
| Area Code/Phone No.: | (313) 925-5526 | (313) 393-1696 | (313) 527-7224 |
| Employer: | Retired (Chrysler) | Detroit Social Service | Detroit Water Board |

### Promissory Note for a Student Loan Guaranteed by OGSLP

I. PROMISE TO PAY I, the undersigned student borrower identified in Items 9 and 10, promise to pay to you or your order when this note becomes due as set forth in Paragraph II, the sum equal to the loan amount I have requested in Item 13 of the Application for a Guaranteed Student Loan, above, which is hereby incorporated by reference into this Promissory Note or such loan amount as is advanced to me and identified to me in the Notice of Loan Guarantee and Disclosure Statement, plus interest as set forth in Paragraph III. If I fail to pay any of these amounts when they are due I will pay all charges and other costs, including the fees of an outside attorney and court costs that are permitted by law and regulations for the collection of this loan, which you incur in collecting this loan. (See Paragraphs II, III, on the other side). My signature certifies that I have read, understood and agreed to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side of this application.
NOTICE TO STUDENT: Terms of the Promissory Note continue on the reverse side.
I UNDERSTAND THAT THIS IS A PROMISSORY NOTE. I WILL NOT SIGN THIS PROMISSORY NOTE BEFORE READING IT INCLUDING THE WRITING ON THE REVERSE SIDE, EVEN IF

OTHERWISE ADVISED. I AM ENTITLED TO AN EXACT COPY OF THIS PROMISSORY NOTE, THE NOTICE OF LOAN GUARANTEE AND DISCLOSURE STATEMENT AND ANY AGREEMENT I SIGN, BY SIGNING THIS PROMISSORY NOTE I ACKNOWLEDGE THAT I HAVE RECEIVED AN EXACT COPY HEREOF.

X(20) Student Borrower Signature — (21) Date: 11/20/88
I promise to repay this loan, if the borrower fails to repay, upon demand by the holder of this Promissory Note.
Cosigner's SS#: —
X(22) Signature of Cosigner (if required by Lender) — Date: —
Address / City / State

## SECTION II — TO BE COMPLETED BY SCHOOL

23. NAME OF SCHOOL: SOUTHEASTERN OK ST UN
24. ADDRESS: FINANCIAL AID OFFICE
CITY: DURANT  STATE: OK  ZIP: 74701

25. School code: 003179
26. Loan Period (not to exceed 9 mos.) From: 08/24/87 To: —/—/—
27. Borrower's Grade Level: 4
28. Anticipated Graduation Date: 12/92
29. DEPENDENCY STATUS: DEPENDENT

30. IS STUDENT MAKING NORMAL ACADEMIC PROGRESS? YES
31. Adjusted Gross Income (See Instructions): $20,102
32. Estimated Cost of Attendance for Loan Period: $ —
33a. Estimated Financial Aid for Loan Period: $3,250
33b. Expected Family Contribution (See Instructions): $900
34. Difference (Item 33a and 33b): $2,1—

35. ENROLLMENT STATUS FOR LOAN PERIOD IN ITEM 26: =
36. SIGNATURE AND TITLE OF AUTHORIZED SCHOOL OFFICIAL: Sherry Foster, Fin Aid Dir
37. DATE: 11/13/8—

## SECTION III — TO BE COMPLETED BY LENDING INSTITUTION / RETAIN YOUR COPY

38. NAME OF LENDING INSTITUTION: STILLWATER NATIONAL BANK & TRUST CO.
39. LENDER CODE: E09081
40. ADDRESS: PO BOX 1988  CITY: STILLWATER,  STATE: OK  ZIP CODE: 74076
41. AREA CODE/PHONE NO.: 405-372-2230

| 42. LOAN DISBURSEMENT DATE Mo. Day | | | 43. INTEREST RATE | 44. LOAN AMOUNT DISBURSED THIS DATE |
|---|---|---|---|---|
| 1st | — | 19 — | — % | $ 1,3— |
| 2nd | — | X 19 — | — % | $ — |
| 3rd | — | 19 — | — % | $ — |

45. NAME OF GUARANTEE AGENCY: Oklahoma Guaranteed Student Loan Program
46. GUARANTEE AGENCY CODE NUMBER: 740
47. REMARKS:

48. TOTAL AMOUNT APPROVED: —
49. SIGNATURE OF AUTHORIZED LOAN OFFICER: Debbie McCarthy
50. TYPED NAME AND TITLE: Debbie McCarthy, GSL Servicer
51. DATE: 11-2—

White—Lender's Copy*   Blue—Borrower's Copy*   Pink—OGSLP's Copy   Yellow—School's
*Borrower and Lender: RETAIN YOUR COPIES   Submit only OGSLP's and School's Copy to OGSLP

## SECTION I: BORROWER CERTIFICATION

I DECLARE UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE UNITED STATES OF AMERICA THAT THE FOLLOWING IS TRUE AND CORRECT. I, THE BORROWER, CERTIFY THAT THE INFORMATION CONTAINED IN SECTION I OF THIS APPLICATION IS TRUE AND COMPLETE... [illegible] ...THE AMOUNT OF THIS LOAN. FURTHER [illegible] EDUCATIONAL INSTITUTION THAT I MAY ATTEND TO RELEASE TO THE LENDING INSTITUTION, SUBSEQUENT HOLDER, U.S. DEPARTMENT OF EDUCATION, OR THEIR AGENTS, ANY REQUESTED INFORMATION PERTINENT TO THIS LOAN (E.G. EMPLOYMENT, ENROLLMENT STATUS, CURRENT ADDRESS). I FURTHER AUTHORIZE MY LENDING INSTITUTION TO ISSUE A CHECK COVERING THE PROCEEDS OF MY LOAN MADE JOINTLY PAYABLE TO ME AND THE SCHOOL INDICATED IN SECTION II OF THIS APPLICATION. I CERTIFY THAT THE PROCEEDS OF ANY LOAN MADE AS A RESULT OF THIS APPLICATION WILL BE USED FOR EDUCATIONAL PURPOSES FOR THE ACADEMIC PERIOD COVERED BY THIS APPLICATION AT THE EDUCATIONAL INSTITUTION NAMED ON THIS FORM. I UNDERSTAND THAT I AM RESPONSIBLE FOR REPAYING ANY FUNDS THAT I RECEIVE WHICH CANNOT REASONABLY BE ATTRIBUTED TO MEETING MY EDUCATIONAL EXPENSES RELATED TO ATTENDANCE AT THAT INSTITUTION FOR THE LOAN PERIOD STATED. I HAVE READ AND UNDERSTAND THE "STATEMENT OF BORROWER'S RIGHTS AND RESPONSIBILITIES" SUPPLIED WITH THIS APPLICATION.

## Promissory Note for a Guaranteed Student Loan

II. DATE NOTE BECOMES DUE. I will repay this loan in periodic installments during a repayment period that will begin no later than the end of my grace period, or if I do not enroll and attend at the school which certified my application for the academic period intended (this loan will not be eligible for a grace period). My grace period is that period of time which begins when either I leave school or stop carrying at an eligible school approved by the Secretary of Education, at least one half the normal full-time academic work load required by the school. The Notice of Loan Guarantee and Disclosure Statement will identify the length of my grace period. During the grace period I may request that the grace period be shortened and the repayment period begin earlier.

III. INTEREST. This is a simple interest loan. The lender will not collect from me any interest which the United States Government will pay for me. I agree to pay an amount equivalent to simple interest on the unpaid balance from the date the loan was advanced until the loan is paid in full. The applicable interest rate on this loan will be the same as the applicable interest rate on my other Guaranteed Student Loans if any of those loans is still outstanding and has an interest rate of 7%, 8% or 9%. If I have no outstanding Guaranteed Student Loans, my interest rate on this loan will be 8%. The Notice of Loan Guarantee and Disclosure Statement identifies the applicable interest rate for this loan. I understand that, if my first loan covers the cost of instruction for any period of enrollment beginning on or after July 1, 1988, the applicable rate of interest shall be 8-percent per year during the first four years after the commencement of repayment and 10-percent per year on the unpaid principal balance of the loan during the remainder of the repayment period. I will pay at the end of each month or quarter, at the lender's option, any interest due from me, or the lender may be allowed to defer the payment of this interest until this Note becomes due. When this Note becomes due I may either pay the total interest due or such interest will be added to the principal balance due to be repaid, with interest, in installments. All payments will be made to the address indicated on the Notice of Loan Guarantee and Disclosure Statement or to any other address you notify me of.

IV. INSURANCE PREMIUM—ORIGINATION FEE: I will pay an origination fee authorized by Federal law, in the percentage and amount disclosed on the Notice of Loan Guarantee and Disclosure Statement. If any loan disbursement check is returned uncashed to the lender, I will be entitled to a refund of any origination fee paid in respect to such disbursement. I will pay an insurance premium in the amount shown on the Notice of Loan Guarantee and Disclosure Statement which the lender will forward to the Guarantor to pay for its guarantee of this Note. The insurance premium is calculated on the amount of this loan from the anticipated disbursement date as indicated by the Lender in Section III of the application until the expiration of my grace period following the graduation date indicated by the School in Section II of my application for this loan. For periods of enrollment beginning on or after July 1, 1987, an insurance premium of not more than 3-percent of the principal amount of the loan will be collected in advance. The lender may deduct these fees from the proceeds of this loan.

V. COLLECTION COSTS: 1) I agree to pay reasonable amounts permitted by law, including the fees of an outside attorney and court costs, which may be incurred in collecting any amount I owe under the terms of this Note. If this loan is referred for collection to an agency that is subject to the Fair Debt Collection Practices Act, I will pay those collection costs, not to exceed 25-percent of the unpaid principal and accrued interest, which may include attorney fees not to exceed 15-percent of the unpaid balance after default as governed by Oklahoma State Statutes.

VI. ADDITIONAL AGREEMENTS: 1) The proceeds of this loan will be used only for my educational expenses at the school listed on my application. 2) I will send written notice to this lender, or any holder of this Note, within 10 days after any change in my name, address, or school enrollment status. 3) Any notice required to be given to me will be effective when mailed by first class mail to the latest address the lender has for me. 4) Failure to enforce or insist that I comply with any term of this Note is not a waiver of the lender's rights. No provision of this Note can be waived or modified except in writing. 5) If the Guarantor is required under its guarantee to repay my loan(s) because I have defaulted, the Guarantor will become the owner of this Note and as my creditor will have all the rights of the original lender to enforce this Note against me. 6) I understand that I must repay this Note though I may be under eighteen (18) years of age. 7) I understand that my loan will be cancelled if I die or become totally and permanently disabled. 8) In this Note the words I, me, and my mean each and all of those who signed it. If more than one person signs this Note, each person will be liable up to the full amount of the loan.

VII. DEFERMENT: I may pay interest only, if such interest is not paid by the United States Government, and I may defer making principal payments on this Note as provided below during repayment period for any period of eligible deferment and I provide written evidence that I qualify for the deferment: 1) While I am enrolled: a) full-time study at a participating school, unless I am not a citizen or national of the United States and am studying at a school not located in the United States; or b) in a graduate fellowship program approved by the Secretary of Education; or c) in a rehabilitation training program for disabled individuals approved by the Secretary of Education; or d) as a full-time student at an institution of higher education or vocational school which is operated by an agency of the Federal Government. 2) For periods not exceeding 3 years for each of the following while I am: a) on active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Service; b) in service as a full-time volunteer under Section I of the Domestic Volunteer Service Act of 1973 (e.g. VISTA); or d) providing services as a full-time volunteer for an organization exempt from Federal Income tax under Section 501(c)(3) of the Internal Revenue Code of 1954 while the Secretary of Education has determined that the service is comparable to service in the Peace Corps or ACTION programs. 3) For one or more periods not exceeding 3 years while I am: a) temporarily totally disabled as established by affidavit of a qualified physician; or b) unable to work because I am providing care required by a spouse who is so disabled as established by affidavit of a qualified physician. 4) For a period not exceeding two (2) years while I am serving an internship that the Secretary of Education has determined is required to gain professional recognition required to begin professional practice or service. 5) Not in excess of 24 months, at my request, while I am seeking but unable to find full-time employment in the United States. Federal Regulations provide additional deferments for new borrowers with points of enrollment that begin on or after July 1, 1987. I may contact my lender or guarantee agency for further information.

VIII. REPAYMENT IN INSTALLMENTS: I agree to repay the total amount due on this Note in installments, with interest at the rate indicated in Paragraph III. INTEREST is to be paid on the unpaid balance of the loan until the loan is paid in full, unless the whole loan is due as described in Paragraph X. Prior to the due date of this Note, I will be sent a Repayment Schedule which shows the particular repayment terms that will become part of this Note. Any Cosigner who signs the Repayment Schedule will also be obligated to repay the Note. The Repayment Schedule will require me to make monthly payments for a period of not less than five (5) nor more than ten (10) years after this Note becomes due. At my option I may agree to a repayment period that is shorter than five (5) years. However, if my loan(s) is disbursed on or after October 1, 1981, my total payments for any year of the repayment period on all my loans under the Guaranteed Student Loan Program (GSLP), under Title IV, Part B of the Higher Education Act shall not be less than $600 per year, including payments of my spouse on any loan under such loan programs (or the balance of all such loans plus interest if less than $600) even though this may result in a repayment period shorter than five (5) years. REPAYMENT BY DEPARTMENT OF DEFENSE: Under certain circumstances, military personnel may have their loans repaid by the Secretary of Defense, in accordance with Section 902 of the Department of Defense Authorization Act, 1981 (Pub. L. 96-342, 10 U.S.C. 2141, note.) Questions concerning the program should be addressed to the local service recruiter. The program described is a recruiting program and does not pertain to prior service individuals or those not eligible for enlistment in the Armed Forces. CONSOLIDATION OR REFINANCING OPTIONS: To be eligible for loan consolidation, I must have outstanding indebtedness of at least $5,000 in eligible loans that are in repayment status, or grace, and is eligible for loan consolidation. Eligible loans are those under Part B, Perkins Loans, and Health Profession Student Loans. For further information, contact your lender or the Oklahoma Guaranteed Student Loan Program.

IX. PREPAYMENT: I may, at my option and without penalty, prepay all or any part of the principal or accrued interest of this loan at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have paid.

X. DEFAULT. If I default on this loan, the lender may declare the entire unpaid principal amount of the loan, including interest, immediately due and payable. A default may also make me ineligible for the benefits described under DEFERMENT and INTEREST in this Promissory Note. Under the Federal regulations governing the GSLP, any of the following events could be considered a default: my failure to make a payment when it is due, or to comply with such other terms of the Note or other written evidence of agreement, which persists for 180 days, or, in certain circumstances, my failure to notify the lender of a change in my name, address, or school enrollment status. This Note shall, at the option of the holder, and subject to Rules and Regulations governing extensions, become immediately due and payable upon the occurrence of any of the following events: a) insolvency, assignment for the benefit of the creditors of, or the filing of a petition in bankruptcy by or against, the maker; b) the maker ceases to pursue at least a half-time course of study at an eligible institution for a period of time in excess of the grace period; c) failure of performance by the maker of any promise, or undertaking or breach of any warranty set forth in the Repayment Schedule or Note Extension Agreement.

XI. CREDIT BUREAU NOTIFICATION: If I default on this loan, the Guarantor will report to credit bureau organizations. This may significantly and adversely affect my credit rating. The lender must provide information on the repayment status of this loan to any credit bureau organization upon my request. If not otherwise prohibited by law, the lender or the Guarantor may disclose information about the status of this loan to any credit bureau.

XII. LATE CHARGES: No late charges will be made on simple interest loans.